# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DISTRICT

| | | |
|---|---|---|
| CHARMANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:16CV1866 CDP |
| | ) | |
| MASTERCARD INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Charmane Smith for leave to proceed *in forma pauperis*.  (Docket No. 2).  Upon review of the financial affidavit plaintiff submitted in support of the motion, the Court has determined that plaintiff is unable to pay the filing fee.  28 U.S.C. § 1915.  The motion will therefore be granted.  In addition, plaintiff will be allowed the opportunity to submit an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a

`

context-specific task that requires the reviewing court to draw upon its judicial experience and common sense. *Id*. at 679.

<h3 style="text-align:center">The Complaint</h3>

Plaintiff commenced this action in this Court on November 28, 2016, naming MasterCard International as defendant. It is notable that plaintiff has been a very frequent *pro se* and *in forma pauperis* litigator in other United States District Courts, with one such Court noting her history of having filed "numerous, patently meritless actions." *Smith v. Dell*, 2007 WL 3232037 at *1 (W.D. Tenn. October 31, 2007).

Plaintiff alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. For her claims against defendant, plaintiff alleges as follows:

> My bank account(s) were hijacked and money was stolen by black hat hackers (online organized criminal gang). Security flaws of my credit and debit cards and linked accounts enabled tortious interference by the hackers – which caused me to be locked out of my accounts, theft from the accounts, and incorrect billing entries.

> (Docket No. 1 at 3).

Plaintiff seeks "actual, compensatory, continuing, consequential, lost expected benefit, per diem, attorneys fees, court & litigation fees, lawsuit funding fees, monetary & trebled damages – in the sum of $1,000,000.00 or more." *(Id.* at 4). As the reason for seeking the amount claimed, plaintiff wrote:

> $1,000,00.00 + monetary damages

> Trebled damages

> Damages have accrued for at least 5 years

> Damage to my personal & professional credit rating & viability has hindered my

> professional goals.

I have suffered loss of money & creditworthiness.

(*Id.*)

## Discussion

### I.  Jurisdiction

The only claim plaintiff presents with any specificity, "tortious interference," derives from state law.  Because the complaint alleges no basis for federal question jurisdiction, if jurisdiction exists at all it must be premised on diversity of citizenship.  As noted above, plaintiff alleges diversity jurisdiction and alleges an amount in controversy in excess of $1,000,000.00, an amount that far and away exceeds the $75,000.00 required by 28 U.S.C. § 1332(a).  However, the facts alleged in the complaint do not appear to provide an adequate foundation for plaintiff's belief that her damages are properly measured at such an amount, or are even sufficient to meet the amount in controversy requirement at all.  As noted above, plaintiff's allegations are based upon hackers stealing money from her "bank account(s)" *(Id.* at 3).  However, she fails to allege facts as basic as how many of her accounts were hacked or how much money they contained before the hacking occurred.  In addition, plaintiff fails to provide, and the Court cannot discern, a legal foundation for an award of the trebled damages she seeks.  These deficiencies lead the Court to question whether the amount alleged is legitimate and, consequently, whether this suit really and substantially involves a dispute or controversy properly within its jurisdiction.  "When a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th

Cir. 1995) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff will be given the opportunity to amend the complaint to cure these deficiencies.

## II.      Statute of Limitations

For the sole purpose of conducting the required review of the complaint, the Court presumes that subject matter jurisdiction exists and notes that federal courts sitting in diversity "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  Under Missouri law, an action for tortious interference with a contract or business expectancy must be commenced within five years.  *D'Arcy & Associates, Inc. v. K.P.M.G. Peat Marwick, L.L.P.*, 129 S.W.3d 25, 29 (Mo. Ct. App. 2004).  In the complaint, plaintiff does not state when the events giving rise to the allegations took place, but she does state that "damages have accrued for <u>at least</u> 5 years." (Docket No. 1 at 4) (*emphasis added*).  It is therefore unclear whether plaintiff has brought this action within the applicable limitations period.  Plaintiff will be given the opportunity to amend her complaint to cure this deficiency.

## III.      Tortious Interference

As noted above, plaintiff alleges that hackers tortiously interfered with her "bank account(s)" and that defendant can be liable for this tortious interference because of "security flaws." *(Id.* at 3).  Under Missouri law, the elements of tortious interference with a contract or business expectancy are (1) a contract or valid business expectancy, (2) defendant's knowledge of the contract or relationship, (3) an intentional interference by the defendant inducing or causing a breach of the contract or relationship, (4) absence of justification and (5) damages. *Serv. Vending Co. v. Wal–Mart Stores*, 93 S.W.3d 764, 769 (Mo. Ct. App. 2002).  Plaintiff does not allege that defendant interfered with a contract she had with a third party, so it appears that she alleges that defendant can be held liable for tortiously interfering with its own contract.

Defendant cannot be held so liable. *Wigley v. Capital Bank of Southwest Missouri*, 887 S.W.2d 715, 722 (Mo. Ct. App. 1994) (*internal citations omitted*)(a party to a contract cannot be liable for tortiously interfering with his own contract); *see also Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 525 (Mo. Ct. App. 2007). As pled, plaintiff's allegations do not state a claim for tortious interference against defendant, and her complaint is therefore subject to dismissal. However, in consideration of her *pro se* status, she will be given the opportunity to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint within fourteen (14) days of this Memorandum and Order.

**Plaintiff's failure to timely comply with this Memorandum and Order shall result in the dismissal of the complaint.**

Dated this 15th day of December, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE