UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| CHARMANE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-1866-CDP |
| | ) | |
| MASTERCARD INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Amended Complaint filed by plaintiff Charmane Smith, proceeding herein *in forma pauperis*. This action will be dismissed pursuant to 28 U.S.C. § 1915(e).

### Standard of Review

Plaintiff is not a prisoner, but she has been granted leave to proceed *in forma pauperis*. Title 28 U.S.C. § 1915(e)(2)(B) provides, with respect to litigants proceeding *in forma pauperis*, the court "shall dismiss the case at any time" if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim lacks an arguable basis in fact only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see also Neitzke*, 490 U.S. at 324 (a plaintiff proceeding *in forma pauperis* lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits).

`

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon its judicial experience and common sense. *Id*. at 679.

## Procedural History

Plaintiff commenced this action in this Court on November 28, 2016, naming MasterCard International as defendant. Following initial review that revealed numerous problems with the original complaint, this Court entered an order on December 15, 2016 allowing Plaintiff an opportunity to submit an amended complaint no later than December 29, 2016. Plaintiff sought and was granted additional time, and then timely filed the instant Amended Complaint on January 3, 2017.

In its December 15, 2016 order, this Court wrote that Plaintiff has been a very frequent *pro se* and *in forma pauperis* litigator in other United States District Courts, and that the District Court for the Western District of Tennessee had noted her history of having filed "numerous, patently meritless actions," quoting *Smith v. Dell*, 2007 WL 3232037 at *1 (W.D. Tenn. October 31, 2007). In the Amended Complaint, Plaintiff notes the foregoing and avers that the District Court for the Western District of Tennessee had her "illegally committed to a Federal Prison Psychiatric Facility – as a cover up." (Docket No. 8 at 2). Plaintiff explains that the "corruption

of the legal officials who participated in the criminal proceedings against me caused me to lose faith and trust in the legal system and judiciary – which contributed to the many lawsuit filings in multiple jurisdictions as well as my abrupt haltings of litigation efforts in the past." (*Id.*)

**The Amended Complaint**

The Amended Complaint spans ten pages, and contains nothing more than conclusory allegations lacking in factual enhancement. Plaintiff provides general definitions of legal terms and general theories about the activities of "Black Hat Hackers (a.k.a Computer Crackers or Hackers)." (*Id.* at 3). Plaintiff states that these criminals exploit "security flaws in Mastercard International's Debit/Credit Card(s) Products, Processing, Processors, and Banking Services," and she describes the various criminal schemes that are possible. (*Id.*) Plaintiff states that computer hackers inserted unspecified information into unspecified billing statements to make it appear that she was not making payments, and that this continued until she stopped submitting payments and the accounts were closed. (Docket No. 8 at 6-7). Plaintiff alleges that the hackers intended for the accounts to be closed so they "could hide how they were tampering with the account(s) records from the bank itself)." *(Id.)*

Plaintiff writes: "The Defendant is being sued for **Tortious Interference with the credit account(s)** that was made possible through the Security Weaknesses Exploited and Breaches committed by the Hackers, resulting in specious, falsified, and electronically forged/duplicated billing statements I received." (*Id.* at 7) (*emphasis in original*). Plaintiff states that the injuries began in "December of 2007 to present day." (*Id.*) Plaintiff vaguely identifies the affected accounts as follows: "[a]t 6 major banks, a total of 15 Credit/Debit Cards were compromised, each having credit limits of up to $2,500.00." (Docket No. 8 at 7).

Regarding the timeliness of this lawsuit, Plaintiff states:

> I was unable to file suit at an earlier time due to Excludable Delay and Excusable Neglect that tolls the statute of limitations. Lack of trust in the court system, tortious interference by Computer Hackers interfered with postal/phone/fax/email communications with the courts and attorneys, lack of information to prove allegations of hacking, and erroneously imposed bars to suit by the Courts prevented earlier filing.

(*Id.*)

For her claim for relief, Plaintiff asks the Court to award "Monetary, Actual, Compensatory, Expectation, Special, Economic, Accrued, Consequential, Continuing, Speculative, Incidental, Preemptive Aid Compensation Costs, and General Damages in the sum of $10,000,000,000.00 (10 BILLION DOLLARS)." (*Id.* at 8) (*emphasis in original*). Plaintiff also asks the Court to require defendant to "pay all Court Costs, Litigation Expenses, Per Diem, Attorneys' Fees, and Lawsuit Advance Fees – in addition to the Monetary Demand." (*Id.* at 9).

**Discussion**

Since the initiation of this case, this Court has had serious reservations about the existence of subject matter jurisdiction. In its December 15, 2016 Memorandum and Order, the Court explained those reservations and permitted Plaintiff the opportunity to provide a foundation for her belief that her damages were properly measured at the amount she alleged.

In the Amended Complaint, Plaintiff again alleges jurisdiction on the basis of diversity of citizenship. She seeks $10,000,000,000.00 in damages, and presents no federal question on the face of her pleading. The only specific information Plaintiff provides regarding damages is her allegation that fifteen accounts were compromised, each having a credit limit of "up to $2,500.00." (Docket No. 8 at 7). She states that further information regarding damages will be ascertained through discovery.

The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). The amount in controversy the plaintiff

4

claims is not controlling if it is made in bad faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). In the case at bar, even if all fifteen accounts were compromised to the full amount of $2,500.00 each, Plaintiff's damages would amount to only $37,500.00, and yet she seeks $10 billion in monetary damages. Even though she makes vague allegations that she suffered other economic damages, she provides no facts tending to quantify them. The Court concludes that the amount in controversy Plaintiff claims has been made in bad faith, and it is therefore not controlling. *Id.*

Because Plaintiff's allegations are so vague, the Court cannot say whether this suit could sustain a judgment of more than $75,000.00. Even so, the Court does not conclude to a legal certainty that Plaintiff's claim is really for less than the jurisdictional amount, and therefore does not dismiss this case for lack of subject matter jurisdiction. *See id.* at 289. The Court does, however, seriously doubt that this suit satisfies the amount in controversy requirement for subject matter jurisdiction based upon diversity of citizenship.

Federal courts sitting in diversity "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). In the Amended Complaint, Plaintiff states that defendant "is being sued for **Tortious Interference with the credit account(s)** that was made possible through the Security Weaknesses Exploited and Breaches committed by the Hackers." (Docket No. 8 at 7) (emphasis in original). Under Missouri law, the elements of tortious interference with a contract or business expectancy are (1) a contract or valid business expectancy, (2) defendant's knowledge of the contract or relationship, (3) an intentional interference by the defendant inducing or causing a breach of the contract or relationship, (4) absence of justification, and (5) damages. *Serv. Vending Co. v. Wal–Mart Stores*, 93 S.W.3d 764, 769 (Mo. Ct. App. 2002). In the case at bar, Plaintiff does not identify, with any specificity,

5

any third party or parties with whom she had a contract or contracts. The only logical conclusion, therefore, is that she is alleging that defendant can be held liable for tortiously interfering with the contract it had with her. Such an allegation does not state a claim for tortious interference in Missouri. *Wigley v. Capital Bank of Southwest Missouri*, 887 S.W.2d 715, 722 (Mo. Ct. App. 1994) (*internal citations omitted*) (a party to a contract cannot be held liable for tortiously interfering with his own contract); *see also Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 525 (Mo. Ct. App. 2007). Even if Plaintiff could be understood to allege that defendant tortiously interfered with a contract she had with a third party, Plaintiff has failed to allege facts as basic as the identity of the third party or parties, or any other facts that would potentially give rise to a plausible claim.

Even if plaintiff did state a claim for tortious interference, such claim would be dismissed as untimely. A federal court sitting in diversity applies the statute of limitations rules of the forum state. *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) (*citations omitted*). Under Missouri law, an action for tortious interference with a contract or business expectancy must be commenced within five years. *D'Arcy & Associates, Inc. v. K.P.M.G. Peat Marwick, L.L.P.*, 129 S.W.3d 25, 29 (Mo. Ct. App. 2004). In the Amended Complaint, plaintiff alleges that she first began suffering injury in December of 2007. Plaintiff was thus aware of the alleged interference for nearly nine years before she initiated this civil action, and she fails to allege any sufficient basis for tolling the limitations period.

The Amended Complaint contains definitions of other causes of action, but fails to include any factual allegations that would give rise to a plausible claim under any of them. In sum, the Court concludes that Plaintiff has failed to allege sufficient facts to make any claim plausible. As noted above, to state a claim for relief, a complaint must plead more than "legal

6

conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Having thoroughly reviewed the Amended Complaint and given it the benefit of a liberal construction, the Court concludes that the Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Amended Complaint is also subject to dismissal because it lacks an arguable factual basis, and is therefore frivolous. *See Denton*, 504 U.S. at 32–33 (a claim lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations).

Accordingly,

**IT IS HEREBY ORDERED** that the Amended Complaint is **DISMISSED** without prejudice to the filing of a paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for the appointment of counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 10th day of January, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE